## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES ELMER GROSS, SR.,

                       Plaintiff,

      v.

HARLEY G. LAPPIN, *et al.*,

                  Defendants.

Civil Action No. 08-1246 (HHK)

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on defendants' motion to dismiss and plaintiff's motion for summary judgment. The Court will grant the former and deny the latter, and this action will be dismissed in its entirety with prejudice.

### I.  BACKGROUND

Plaintiff has submitted his complaint on an eight-page preprinted form ("Comp.") to which he attaches a 23-page typewritten statement ("Attach."). The complaint's Statement of Claim section reads:

> The defendants Harley G. Lappin[,] Director of the Bureau of Prisons, is responsible for plaintiff being transferred to five U.S. penitentiaries, and Harrell Watts[,] Administrator of National Inmate Appeals[,] is responsible for plaintiff being transferred to USP Beaumont[,] which houses inmates from Baltimore City. Dispite [sic] having complete knowledge that plaintiff was verified as requiring protective custody from inmates who were from the Baltimore[,] Maryland area[,] [t]he defendants act with deliberate indifference to plaintiff's serious safety needs. The defendants placed plaintiff in general population with reckless disregard for a substantial risk of serious harm[] which ultimately resulted in plaintiff being

placed and held in administrative detention well over four years and three months as of this 6/25/2008. The defendants have simply transferred plaintiff from one prison to another, subjecting plaintiff to inhumane conditions of confinement, which amount to the willful, intentional infliction of cruel and unusual punishment. The defendants have knowingly and unreasonably disregarded an objectively intolerable risk of harm and they are continuing to do so.

Plaintiff was prosecuted and convicted in the State of Maryland, City of Baltimore[,] under the R.I.C.O. Act, which received substantial media attention for at least two years, particularly in the Baltimore City, Md. Area.[1] In which many articles printed in the Baltimore Sun newspaper wrongly depicted plaintiff as being an informant for the federal government. Upon arrival at each prison, plaintiff make intake staff aware of his problems that exist with the inmates from Baltimore City and voiced concerns as to being placed in general population, due to the fact that inmates from Baltimore were being housed there. All of the prisons staff suggest that I be placed in general population except Big Sandy whom immediately placed plaintiff in administrative detention pending a transfer.

The defendants only means of a remedy amount to the infliction of cruel and unusual punishment, due to the duration of the isolated confinement, and prison officials['] failure to implement another remedy for plaintiff's situation. Therefore the defendants has [sic] exposed plaintiff to additional forms of punishment not authorized by the criminal sentencing court.

Compl. at 2-3. Plaintiff demands injunctive relief "barring future confinement in any penitentiary which houses inmates from the Baltimore area, . . . [and] future administrative detention as a remedy to plaintiff's serious safety needs," as well as "a cease and desist order as to prison officials[']

---

[1]     Plaintiff was convicted of racketeering, conspiracy to commit racketeering, conspiracy to distribute and possession with the intent to distribute narcotics, malicious destruction of a building and vehicle by means of fire, use of fire to commit a felony, witness tampering, and mail fraud. *See United States v. Gross*, 199 Fed. Appx. 219 (4th Cir.) (affirming convictions and remanding the matter to the district court for re-sentencing), *cert. denied*, 549 U.S. 1011 (2006). He was sentenced to a total term of 600 months' incarceration. *Id.*; *United States v. Gross*, 253 Fed. Appx. 264 (4th Cir. 2007) (per curiam) (affirming district court's judgment on remand for sentencing to a term of 600 months' incarceration).

deliberate indifference to plaintiff's serious safety needs." *Id.* at 8.  He also demands unspecified

damages.  *Id.*

## II.  DISCUSSION

### A.  Res Judicata (Claim Preclusion)

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may

have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*,

765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal Practice*, ¶ 0.410[1]

(1983)).  "Under res judicata, a final judgment on the merits bars further claims by parties or their

privies based on the same cause of action," *Montana v. United States*, 440 U.S. 147, 153 (1979), on

"any ground for relief which [the parties] already have had an opportunity to litigate[,] even if they

chose not to exploit that opportunity[,]" regardless of the soundness of the earlier judgment,

*Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  Among other things, the doctrine is

designed to promote judicial economy by preventing needless litigation.  *See Parklane Hosiery Co.*

*v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted).

"[A] subsequent lawsuit will be barred if there has been prior litigation (1) involving the

same claims or cause of action, (2) between the same parties or their privies, and (3) there has been

a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United*

*States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted); *see Polsby v. Thompson*, 201 F. Supp.

2d 45, 48 (D.D.C. 2002); *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 134

(D.D.C.1992).

B.  *Gross v. Unknown Director of the Bureau of Prisons*,
No. 7:08-cv-0111 (E.D. Ky. May 30, 2008)

On May 28, 2008, in the United States District Court for the Eastern District of Kentucky,

plaintiff filed a civil action against forty-four officials and employees of the BOP who allegedly "are

responsible in part for plaintiff being transferred to five United States Penitentiaries which house

inmates from Baltimore City."[2]  Defs.' Mot., Ex. A (*Gross v. Forty-Four Members of the Bureau*

*of Prisons*, No. 7:08-cv-0111 (E.D. Ky. May 28, 2008) (complaint)) at 2.[3]  The complaint further

alleged:

> Dispite [sic] having complete knowledge that plaintiff was verified
> as requiring protective custody[] from inmates who were from
> Baltimore City[,] the defendants did act with deliberate indifference
> to plaintiff's serious safety needs.  The defendants place[d] plaintiff
> in general population with reckless disregard for a substantial risk of
> serious harm . . . [w]hich ultimately resulted in plaintiff being placed
> and held in administrative detention well over four years and two
> months, as of this very day 5/15/2008.  The defendants have simply
> transferred plaintiff from one prison to another, subjecting plaintiff to
> inhumane conditions of confinement which amounts to the willful
> intentional infliction of cruel and unusual punishment.   The
> defendants have knowingly and unreasonably disregarded an
> objectively intolerable risk of harm, and they are continuing to do so.
> Plaintiff was prosecuted and convicted in the City of Baltimore,
> Md[.] . . . [a case] which received substantial media attention for
> almost two years, particularly in the Baltimore, Md. area.  In which

---

[2]      While incarcerated at USP Big Sandy in Inez, Kentucky, plaintiff filed four civil
actions in less than two months.  The Clerk of Court received the instant complaint on July 2, 2008
and officially filed it on the Court's electronic docket on July 18, 2008.  He filed civil actions in the
United States District Court for the Districts of Kansas and Southern District of Indiana on June 26,
2008 and June 30, respectively.  All of the complaints were substantially similar.  *See generally*
Compl.; Defs.' Mot., Ex. A-C.

[3]      The Court takes judicial notice of the records of the United States District Court for
the Eastern District of Kentucky.  *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222
(D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216-17 (D.D.C.
2002).

many of the articles depicted plaintiff as being an informant for the federal government.  Upon arrival at each prison, plaintiff made intake staff aware of the problems he had experienced in each prison with the inmates from Baltimore City and voiced concerns as to being placed in general population, due to the fact that inmates from Baltimore were being housed there.  All of the staff members suggest that I be placed in general population except Big Sandy whom immediately placed plaintiff in administrative detention pending a transfer.  The defendants['] only means of a remedy to plaintiff's situation amount to the infliction of cruel and unusual punishment, due to the duration of the isolated confinement and prison officials failure to implement another remedy for the situation.  Therefore, the defendants has [sic] exposed plaintiff to additional forms of punishment not authorized by the criminal sentencing court.

*Id.* at 2-3.  Plaintiff demanded "an immediate injunction barring future administrative detention as a remedy to plaintiff's serious safety needs, . . . an injunction barring future confinement in any U.S. penitentiary that house[s] hostile inmates from Baltimore City, . . . a cease and desist order as to prison official[s'] deliberate indifferent [sic] to plaintiff's serious safety needs . . . and compensatory and punitive damages." *Id.* at 8.

Addressing the merits of plaintiff's claims, the court concluded that, "[w]hen [plaintiff] has been involved in altercations or hostile discussions with other prisoners and informed BOP staff, he has been quickly given the additional security afforded by [protective custody]," and when he "pursued transfer to another institution because of hostility from other inmates at the place of his present confinement, BOP officials have pursued that option for him." *Gross v. Unknown Dir. of the Bureau of Prisons*, No. 7:08-111-KKC, 2008 WL 2280094, at *4 (E.D. Ky. May 30, 2008). Rejecting plaintiff's claim that "prison officials have failed to offer him . . . sufficient protection in the less restrictive environment of the general population," *id.* at 4, the court concluded that "prison officials are not constitutionally required to guaranteed a prisoner's safety under terms and

conditions dictated by the prisoner." *Id.* at 5.  Rather, plaintiff's placement in protective custody "remains a reasonable decision so long as the threat to [his] safety persists." *Id.*  Lastly, the court concluded that the BOP has the discretion to determine where an inmate is to be placed, and it is not "constitutionally required to send [plaintiff] to a United States penitentiary free of inmates originally from the Baltimore, Maryland area." *Id.*  Plaintiff's complaint was dismissed with prejudice. *Id.* at 6.

### C.  Res Judicata Bars Plaintiff's Eighth Amendment Claim

Review of the complaint plaintiff filed in and the decision of the Eastern District of Kentucky makes clear that the instant action is barred.  First, plaintiff sues BOP's Director in both cases.  The fact that Watts was not a named defendant in the Kentucky case is irrelevant.  "[F]or purposes of res judicata, privity exists between officers of the same government." *Lindsey v. District of Columbia*, 609 F. Supp. 2d 71, 77 (D.D.C. 2009) (citing *Sunshine Anthracite Coal v. Adkins*, 310 U.S. 381, 402 (1940)).

Second, the cause of action is the same in both cases.  "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)).  The Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir.1983) (citation and internal quotation marks omitted).  Plaintiff's factual allegations in both the instant case and the Kentucky case are practically identical: other inmates' belief that plaintiff is a government informant, the risk of harm to plaintiff from

inmates from the Baltimore, Maryland area, plaintiff's placement in federal penitentiaries which house inmates from the Baltimore, Maryland area between February 2004 and mid-2008, plaintiff's placement in SHUs for his own protection, and plaintiff's general dissatisfaction with the restrictive conditions of a SHU.

Lastly, the United States District Court for the Eastern District of Kentucky, a court of competent jurisdiction, rendered a final, valid judgment on the merits.  *See Gross*, 2008 WL 22080094, at *4-6.  It concluded that "prison officials are not constitutionally required to guarantee a prisoner's safety under the terms and conditions dictated by the prisoner," *id.* at 4, such that his placement in a SHU "remains a reasonable decision so long as the threat to [plaintiff's] safety persists," *id.* at 5, notwithstanding plaintiff's objections to such a restrictive environment.  Further, the court found that the BOP "retains wide discretion in determining where to place an inmate," and that it is not "constitutionally required to send [plaintiff] to a United States Penitentiary free of inmates originally from the Baltimore, Maryland area."  *Id.*

The Court concludes that this action is barred by the doctrine of res judicata.  *See Nader v. McAuliffe*, 593 F. Supp. 2d 95, 99 (D.D.C. 2009) (dismissing Counts I and II of complaint because they were identical to the state law claims dismissed in a prior civil action); *Sherwin v. Dep't of the Air Force*, 955 F. Supp. 140, 143 (D.D.C. 1997) (concluding that, because "[t]he Federal Circuit's decision was a final judgment on the merits of the same removal action that plaintiff is again attempting to challenge[,]" the doctrine of res judicata barred the lawsuit).

III.   CONCLUSION

The Court concludes that this civil action is barred under the doctrine of res judicata, and, accordingly, grants defendants' motion to dismiss.  Plaintiff's summary judgment motion is denied. An Order accompanies this Memorandum Opinion.


HENRY H. KENNEDY, JR.
United States District Judge

DATE:  August 27, 2009